UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELLEY EVERS, CHRISTINA PATRAS, RITA MELKONIAN, DEBORA CASTRO, TRICIA WILLARD,<br><br>      Plaintiffs,<br><br>  -vs.-<br><br>HOLOGIC, INC.,<br><br>      Defendant. | Case No.  1:22-cv-11895 (ADB) |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1 and Federal Rules of Civil Procedure 16(f) and 26(f), undersigned counsel for Plaintiffs Shelley Evers, Christina Patras, Rita Melkonian, Debora Castro, and Tricia Willard ("Plaintiffs") and Defendant Hologic, Inc. ("Hologic") (collectively, the "Parties"), hereby submit this Joint Statement concerning case schedule and discovery.  The proposed schedule contained herein is identical to the schedule entered by the Court in *Block v. Hologic, Inc.*, No. 1:22-cv-12194 (ECF No. 15) (approving joint proposed schedule).  Prior to submitting this Statement, the Parties conducted a Rule 26(f) conference on January 13, 2023.

    1.    **Staging of Discovery**:  The Defendant believes that this case would benefit from phased discovery, *see* Local Rule 16.1(d)(1)(b), because the Defendant's assessment of the merits of the case hinges significantly on the application of the learned intermediary doctrine—that is, whether providing a different warning to Plaintiffs' implanting physicians would have changed their decision to implant the BioZorb device.

The Plaintiffs' position is that staged discovery with learned intermediary issues going first will provide valuable information about the cases and support that approach. However, the Plaintiffs also believe that learned intermediary motions will not dispose of these cases because they include other causes of action besides failure-to-warn and Plaintiffs will have legal and factual defenses to the motions. Plaintiffs also agree to the staging of discovery so long as they receive meaningful discovery in response to the First Request for Production ("RFP") of Documents that has already been served in this case. The Plaintiffs' position is that without this discovery, they will not be able to take a meaningful deposition of the treating physicians or other healthcare provider.

Accordingly, the Parties propose that Phase 1 will consist of collection of Plaintiffs' medical records and depositions of Plaintiffs and the healthcare provider who implanted the BioZorb, as well as core written discovery from Defendant. Defendant may then file summary judgment motion(s) based on the learned intermediary doctrine if supported by the implanting doctor testimony. All remaining fact discovery, including depositions of Plaintiffs' spouses/family members, other treating doctors, company witnesses, and expert discovery, would not proceed until Phase 2. Staging of discovery in this fashion would limit the first phase to developing information needed for a realistic early assessment of the cases and allow the Parties and the Court to efficiently determine whether Plaintiffs' failure to warn claims will proceed past learned intermediary motions.

2.     **Initial Disclosures.**  Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be served by February 17, 2023.

3. **Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after December 1, 2023.

4. **Discovery Schedule**: The Parties' proposed schedule is below.

   a. Plaintiffs must produce signed medical authorizations, lists of all healthcare providers, and all medical records in Plaintiffs' possession by March 1, 2023, and responses to Defendant's previously served first set of requests for production by March 1, 2023.

   b. Depositions of Plaintiffs and implanting physicians must be completed by October 27, 2023.

   c. Defendant will provide written responses to Plaintiffs' previously served first set of requests for production by March 1st, 2023. The Parties will then meet and confer regarding the scope of responsive documents to be produced to arrive at a core set of document discovery necessary for Phase 1, including core documents relevant to Plaintiffs non-failure-to-warn claims.

   d. If the parties do not agree that Defendant has produced responsive documents necessary for Phase 1, nothing in this report shall prevent Plaintiffs from filing a motion to compel in these cases or seek other relief from this Court as it deems appropriate.

5. **Intermediate Dispositive Motions**

    a. Motions for summary judgment on the basis of learned intermediary doctrine must be filed by November 17, 2023.

    b. Oppositions must be filed by must be filed within 30 days after service of the motion.

    c. Reply briefs shall be permitted and filed within 14 days after service of any opposition

6. **Case Management Conference.** The Parties propose that after the initial period of discovery set forth above (Phase 1) and the filing of any motions for summary judgment on the basis of the learned intermediary doctrine, the Court will convene a status conference to address any remaining discovery and trial date(s). The parties have agreed on the deadline set forth below for the completion of Phase 2 Discovery, but the Court may revise that deadline for good cause shown at the conference based on the results of the initial phase of discovery and any summary judgment motions filed. Should the case proceed to Phase 2, the Parties will submit a proposed schedule for further pre-trial deadlines in advance of that conference, including deadlines for the exchange of expert reports and submission of all other dispositive motions.

7. **Discovery - Final Deadline.** All Phase 2 discovery—that is, all discovery other than Phase 1 fact discovery, *see supra* ¶ 4,—shall commence no earlier than the date of the Case Management Conference set forth in ¶ 6 above, and must be completed by June 28, 2024.

8. **Initial Pretrial Conference.** Date to be set by the Court.

9. **Other Matters.**

    a. **Setting Schedule on the Written Submission.**  The Parties consent to setting of the schedule on this written submission.

    b. **Trial by Magistrate.**  The Parties do not consent to trial before a United States Magistrate Judge.

    c. **Phased Discovery.**  The Parties' proposal for discovery is set forth above.

    d. **Discovery Event Limitations.**  The Parties anticipate that they will adhere to the discovery event limitations for each side set by Local Rule 26.1 with respect to Phase 1 discovery.  If any departures from the standard discovery limitations are necessary for Phase 2, the Parties will address those issues at the conclusion of Phase 1.

    e. **Protective Order.**  The Parties contemplate that a Confidentiality Order will be sought and will negotiate a proposed form for the consideration of the Court that will include a procedure to address privilege claims after production.  The Parties additionally contemplate that a HIPAA Order will be sought and will negotiate a proposed form for the consideration of the Court.

    f. **Certification of Consultation.**  The Parties shall individually file the certifications required by Local Rule 16.1(d)(3).

    g. **Settlement Proposals.**  Pursuant to local rule 16.1(c), Plaintiffs will submit a written settlement proposal 14 days prior to the scheduling conference. Defense Counsel will confer with their client upon receipt of such proposal and will be prepared to respond at the scheduling conference.

h.  **Alternative Dispute Resolution.**  The Parties have considered the options for alternative dispute resolution programs set forth in Local Rule 16.4. The Parties do not believe alternative dispute resolution is appropriate at this time.

Dated: January 26, 2023

Respectfully submitted,

| | |
|---|---|
| HOLOGIC, INC., | PLAINTIFFS, |
| By its attorneys, | By their attorneys, |
| */s/ Michael J. Pineault* | */s/ John J. Roddy* |
| Michael J. Pineault (BBO No. 555314) | John J. Roddy |
| Anderson & Kreiger LLP | Bailey & Glasser LLP |
| 50 Milk Street, 21st Floor | 176 Federal Street, 5th Floor |
| Boston, MA 02109 | Boston, MA 02110 |
| mpineault@andersonkreiger.com | jroddy@baileyglasser.com |
| T: +1 617.621.6578 | T: +1 617-439-6730 |
| F: +1 617.621.6619 | F: +1 617-951-3954 |
| | |
| */s/ Daniel S. Pariser* | */s/ C. Moze Cowper* |
| Daniel S. Pariser (admitted *pro hac vice*) | C. Moze Cowper (admitted *pro hac vice*) |
| Jocelyn A. Wiesner (admitted *pro hac vice*) | Cowper Law |
| Arnold & Porter Kaye Scholer LLP | 12301 Wilshire Blvd., Ste. 303 |
| 601 Massachusetts Ave., NW | Los Angeles, CA 90025 |
| Washington, D.C. 20001 | mcowper@cowperlaw.com |
| daniel.pariser@arnoldporter.com | T: +1 877-529-3707 |
| jocelyn.wiesner@arnoldporter.com | F: +1 877-284-0980 |
| T: +1 202.942.5000 | |

## CERTIFICATE OF SERVICE

    I, Michael J. Pineault, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on January 26, 2023.

                                      */s/ Michael J. Pineault*
                                      Michael J. Pineault